IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAIDEN BIOSCIENCES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:21-CV-0327-D |
| VS. | § | |
| | § | |
| DSS, INC. f/k/a DOCUMENT | § | |
| SECURITY SYSTEMS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Defendants DSS, Inc., Decentralized Sharing Systems, Inc., HWH World Inc. f/k/a/ Bliss International, Inc., and RBC Life International, Inc. (collectively, the "DSS defendants") have filed an opposed motion for continuance and entry of amended scheduling order. The court grants the motion in part and denies it in part.[1]

I

The DSS defendants request a three-month continuance of the trial date (to March 6, 2023) and an amended scheduling order. They contend that the requested relief is important to "permit adequate time for discovery and preparation of claims and defenses by all parties." D. Mot. 4. Plaintiff Maiden Biosciences, Inc. ("Maiden") opposes the motion in part,

---

[1]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

contending, *inter alia*, that the DSS defendants have failed to serve discovery requests for months.  And although—as an alternative position—Maiden does not oppose 30-day extensions of the scheduling deadlines, it does oppose any extension of the trial setting.  The court is deciding the motion on an expedited basis on the briefs.[2]

II

Fed. R. Civ. P. 16(b) requires that a party seeking to modify a scheduling order show good cause.  *Id.*; *see, e.g., Rodrigues v. US Bank Nat'l Ass'n*, 2021 WL 2077650, at *1 (N.D. Tex. May 24, 2021) (Fitzwater, J.).  The "good cause" standard focuses on the diligence of the party seeking the modification to the scheduling order.  *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).  "To demonstrate 'good cause,' the movant must show that, despite his diligence, he could not have reasonably met the scheduling deadline."  *Id.*  In determining whether the movant has met its burden under Rule 16(b)(4), the court considers four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice."  *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (brackets omitted) (quoting *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)).  The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side."  *EEOC v. Serv. Temps, Inc.*, 2009 WL

---

[2]On February 25, 2022 the court granted the DSS defendants' unopposed motion for expedited briefing schedule and consideration of the motion.

- 2 -

3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

The DSS defendants have not met their burden of showing that they have been diligent in meeting the scheduling deadlines.  For example, this case was filed in February 2021, over one year ago, and the DSS defendants have failed to serve discovery requests on Maiden.  *See Rodrigues*, 2021 WL 2077650, at *2.

Although the DSS defendants have not carried their burden, Maiden (as an alternative position) does not oppose 30-day extensions of the scheduling deadlines (other than the trial setting).  Accordingly, the court grants the motion to the extent of extending those deadlines by 30 days, as set out in § III.  But it declines to continue the trial setting.

III

The following amended deadlines are adopted:

| | |
|---|---|
| Expert Witnesses | May 6, 2022 |
| Rebuttal Expert Witnesses | June 20, 2022 |
| Completion of Discovery, Filing of Joint Estimate of Trial Length, and Status Report | August 1, 2022 |
| Summary Judgment Motions | August 15, 2022 |
| Motions Not Covered | August 15, 2022 |

*   *   *

Accordingly, the court grants in part and denies in part the DSS defendants' February

25, 2022 opposed motion for continuance and entry of amended scheduling order.

**SO ORDERED**.

March 9, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 4 -