IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAIDEN BIOSCIENCES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:21-CV-0327-D |
| § | |
| DOCUMENT SECURITY SYSTEMS, § | |
| INC., et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Maiden Biosciences, Inc. ("Maiden") moves to compel defendants Document Security Systems, Inc., Decentralized Sharing Systems, Inc. ("Decentralized"), HWH World, Inc. f/k/a Bliss International, Inc. ("HWH"), and RBC Life International, Inc. (collectively, "DSS Defendants") to produce documents in response to certain of its requests for production ("RFPs"). For the reasons that follow, the court grants Maiden's motion.

I

The court assumes the parties' familiarity with its prior memorandum opinions and orders in this case, *see Maiden Biosciences, Inc. v. Document Security Systems, Inc.*, 2021 WL 5416603 (N.D. Tex. Nov. 19, 2021) (Fitzwater, J.); *Maiden Biosciences, Inc. v. Document Security Systems, Inc.*, 2021 WL 3492339 (N.D. Tex. Aug. 9, 2021) (Fitzwater, J.), and recounts the facts and procedural history only as necessary to understand this decision.

This is a collection action brought by Maiden against several defendants, including

the DSS Defendants, alleging a claim for fraudulent transfer under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Tex. Bus. & Com. Code Ann. § 24.001 *et seq.* (West 2021). In the second amended complaint, which is the operative pleading in this case, Maiden alleges that the DSS Defendants are transferees and/or beneficiaries of the fraudulent transfers of assets ("RBC Assets") formerly owned by defendant RBC Life Sciences, Inc. or its subsidiaries ("RBC Entities").

During discovery, Maiden served RFPs on the DSS Defendants that requested, *inter alia*, production of "[a]ll [the DSS Defendants'] financial statements since October 16, 2017," (RFP No. 1) and "[d]ocuments sufficient to show all income received by [the DSS Defendants or their subsidiaries] from assets that were previously owed by one or more of the RBC Entities," (RFP No. 3). P. Br. 2 (quoting P. App. 8). In response to RFP No. 1, the DSS Defendants committed to produce "financial statements that reflect (1) revenue or losses in connection with the assets transferred from one or more RBC Entities to [the DSS Defendant], and (2) advances to or payments received from any of the RBC Entities." *Id.* (alteration in original). In response to RFP No. 3, the DSS Defendants agreed to produce "non-privileged documents sufficient to show all income received by [that DSS Defendant] from assets that were previously owned by one or more of the RBC Entities, if any, subject to entry of a Protective Order." *Id.* at 3 (alteration in original).

Although the DSS Defendants have produced annual year-end Excel balance sheets for Decentralized and HWH for the years 2020 and 2021, they have not produced quarterly or annual figures for 2022. Nor have they produced documents that show the income they

received during 2022 from the RBC Assets. Accordingly, Maiden moves to compel the DSS Defendants to produce *all* financial records, including those from 2022, that are responsive to RFPs Nos. 1 and 3. The DSS Defendants oppose Maiden's motion.

II

Under Fed. R. Civ. P. 26(b)(1), "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." Rule 34(a)(1). And, under Rule 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" when the party from whom discovery is sought fails to produce requested documents or answer an interrogatory or respond to a request for admission.

As the parties opposing Maiden's motion to compel, the DSS Defendants bear the burden of proof. In the Fifth Circuit, "a party who opposes its opponent's request for production [must] 'show specifically how . . . each [request] is not relevant.'" *Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005) (Lynn, J.) (ellipsis and second alteration in original) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)); *see also Orchestratehr, Inc. v. Trombetta*, 178 F.Supp.3d 476, 506 (N.D. Tex. 2016) (Horan, J.) ("[T]he amendments to Rule 26(b) and Rule 26(c)(1) do not alter the basic allocation of the burden on the party resisting discovery to—in order

to successfully resist a motion to compel—specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would impose an undue burden or expense or is otherwise objectionable." (citations omitted)).

### III

The court begins with Maiden's RFP No. 3, which requests "[d]ocuments sufficient to show all income received by [the DSS Defendants or their subsidiaries] from assets that were previously owned by one or more of the RBC Entities." P. Br. 2 (quoting P. App. 8).

### A

As an exhibit to the motion to compel, Maiden attaches what appears to be an income statement for HWH for the period January 2021 to April 2021. Maiden maintains that this exhibit is an example of the type of document that the DSS Defendants are withholding, and it contends that the DSS Defendants must respond to RFP No. 3 by producing any such documents that they have prepared for 2022. In response, the DSS Defendants do not dispute that they have withheld quarterly income statements for the year 2022.[1] Nor do they dispute that such documents are responsive to RFP No. 3 and must be produced.

---

[1] The DSS Defendants assert in their response that they do not have "financial statements from 2022 at this time" and do not maintain "quarterly balance sheets." Ds. Br. 4. But they do *not* state that they do not possess "quarterly income statements" from 2022, such as the example that Maiden has attached to its motion.

- 4 -

B

It is unclear whether the DSS Defendants intend to object to the relevance of the documents requested in RFP No. 3. *See* Ds. Br. 7 (arguing that "the current value of the RBC Assets is not relevant to whether RBC received 'reasonably equivalent value' under [TUFTA]," and that "Maiden's argument that the DSS Defendants['] *2022 financials* are 'relevant to Maiden's prima facie case' is misplaced," (emphasis added), but not clearly arguing that income statements from 2022 are irrelevant). But assuming that they do and that they have not waived this objection,[2] the court holds for largely the reasons explained in Maiden's briefing that the requested documents are relevant and proportional to the needs of the case.

"Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Taylor v. Rothstein Kass & Co.*, 2020 WL 7321174, at *2 (N.D. Tex. Dec. 11, 2020) (Fitzwater, J.) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (Ramirez, J.)). Maiden argues, *inter alia*, that the documents it seeks

---

[2]In responding to Maiden's discovery requests, the DSS Defendants have not raised any specific objection to RFP No. 3. *See* P. App. 37-38, 43, 47-48, 53. "[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989); *see also Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 283-84 (N.D. Tex. 2017) (Horan, J.) ("[I]f a party fails to timely respond in writing after being served with a request for production of documents, it is appropriate for the Court to find that the party's objections are waived, unless the court finds good cause . . . [a]nd, even where the responding party has timely served some objections to a Rule 34(a) request, this waiver extends to any grounds not stated in a timely objection." (citations omitted)).

- 5 -

in RFP No. 3 are relevant to its prima facie case because its TUFTA claim requires proof that the RBC Entities did not receive "reasonably equivalent value" in exchange for their assets, and the DSS Defendants' current income from the RBC Assets is one factor by which the trier of fact can gauge what those assets were worth in 2019. The DSS Defendants respond that because "reasonably equivalent value," for purposes of TUFTA, is determined as of the time of the transactions, which in this case occurred between October 2019 and April 2020, the *current* value of the RBC Assets is not relevant to Maiden's prima facie case. But as Maiden persuasively explains, current income documents are relevant to determining asset value at the time of the alleged fraudulent transfers because they "document the assets' performance, which may support or refute past predictions of performance made as of the transfer date." P. Reply 6.

Maiden also maintains that income documents are relevant to the question whether there is a present need for a preliminary injunction or attachment to prevent the DSS Defendants from draining assets from Decentralized and HWH. The DSS Defendants do not specifically respond to this argument with respect to Maiden's RFP No. 3.[3] Accordingly, the court concludes that the DSS Defendants have failed to meet their burden to show that income documents are not relevant to the question whether there is a present need for a preliminary injunction or attachment to prevent the DSS Defendants from draining assets

---

[3]The DSS Defendants only contend that Maiden does not need "*responsive financial statements for 2022*" (i.e., the documents requested in RFP No. 1) to determine whether Decentralized and HWH transferred the RBC Assets. Ds. Br. 6.

from Decentralized and HWH.

The DSS Defendants have failed to demonstrate that the documents included within the scope of RFP No. 3 are outside the scope of discovery: i.e., that there is no possibility that the information sought may be relevant to the claim or defense of any party. Accordingly, the court orders the DSS Defendants to produce all documents that are responsive to RFP No. 3 (including those prepared during 2022 or reflecting income from 2022) no later than 14 days after this memorandum opinion and order is filed.

IV

The court now turns to RFP No. 1, which requests "[a]ll [the DSS Defendants'] financial statements since October 16, 2017." P. Br. 2 (quoting P. App. 8).

A

Maiden contends that the DSS Defendants possess and have withheld from production Excel "Balance Sheet[s]" ("Trial Balance Sheets") from 2022 that contain quarterly values for each subsidiary's assets and that the DSS Defendants may have withheld other third party valuations that include quarterly balance sheets. The DSS Defendants respond that Decentralized and HWH "do not maintain quarterly balance sheets—only end of the year balance sheets," D. Br. 4; that they have produced the most recent responsive financial statements for these defendants from 2020 and 2021[4]; and that they are under no obligation

---

[4]On August 9, 2022—the final day of the discovery period—Maiden served a second set of RFPs on Decentralized and HWH in which it sought "[d]ocuments sufficient to show the value of assets held by [Decentralized or HWH] during each quarter from September 2019 to the present," (RFP No. 30) and "[q]uarterly 'trial balance' spreadsheets for

- 7 -

to create documents that do not already exist solely for the purpose of discovery.

The DSS Defendants are correct that, as a general matter, "[a] party cannot produce what it does not have, and so, [c]learly, the court cannot compel [a party] to produce non-existent documents." *Coleman v. Cedar Hill Indep. Sch. Dist.*, 2022 WL 1470957, at *5 (N.D. Tex. May 10, 2022) (Fitzwater, J.) (second and third alterations in original) (quoting *VeroBlue Farms USA Inc. v. Wulf*, ___ F.R.D. ___, 2021 WL 5176839, at *9 (N.D. Tex. Nov. 8, 2021) (Horan, J.)).  The documents Maiden is seeking, however, do not appear to be "non-existent."

In its motion to compel, Maiden asks the court to order the DSS Defendants to produce their 2022 Trial Balance Sheets and any other quarterly statements in their possession, and it attaches as exhibits to its motion examples of the types of documents it seeks.  *See* P. App. 115, 195.  Although the DSS Defendants contend in their response that "Decentralized and HWH do not maintain quarterly balance sheets—only end of the year balance sheets," D. Br. 4, they do not deny that they possess Trial Balance Sheets from 2022 that are of the type identified in Maiden's motion.  Nor do they dispute Maiden's contention that these "Trial Balance Sheets" constitute "financial statements" within the scope of RFP No. 1 and that therefore they are responsive and must be produced.

---

[Decentralized or HWH] for each quarter from January 1, 2020 to the present," (RFP No. 31).  D. Br. 3 (some alterations in original).  The DSS Defendants maintain that these requests were untimely, that they have objected to them on that basis, and that Maiden cannot use its motion to compel to seek documents that it did not timely request.

B

Maiden contends that the discovery it seeks in RFP No. 1 is relevant to the question whether there is a present need for a preliminary injunction or attachment to prevent the DSS Defendants from draining assets, and to its prima facie case, i.e., whether the RBC entities received "reasonably equivalent value" in exchange for their assets. The DSS Defendants have not met their burden to specifically show that the discovery Maiden seeks in RFP No. 1 is not relevant.

Regarding Maiden's prima facie case, the DSS Defendants have failed to persuade the court that documents showing their 2022 financials are not relevant to the "reasonably equivalent value" element of Maiden's TUFTA claim. Maiden cogently explains that the DSS Defendants' current financial statements are relevant to determining asset value *at the time of transfer* because "[h]ow the assets perform and how the DSS Defendants account for them help to verify those valuations." P. Reply 6.

And the DSS Defendants do not even argue that their current financial documents, including those requested in RFP No. 1, are not relevant to the question whether assets are being depleted. In their response brief, the DSS Defendants maintain only that Maiden "does not need these documents to determine whether Decentralized and HWH transferred the RBC Assets . . . [because] the DSS Defendants have affirmed under oath that the RBC Assets have not been transferred at this time." Ds. Br. 6. But they fail to argue, much less meet their burden of specifically showing, that the documents Maiden seeks are not *relevant* to the question whether there is a present need for a preliminary injunction or attachment. And

parties are permitted to seek discovery for the purpose of testing the veracity of representations made under oath, especially in cases involving claims of the type asserted here.

Accordingly, assuming that the DSS Defendants have in their possession Trial Balance Sheets or any other type of quarterly balance sheets for 2022, the court orders the production of these documents no later than 14 days after this memorandum opinion and order is filed.

* * *

For the reasons explained, the court grants Maiden's motion to compel.

**SO ORDERED**.

October 13, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE