IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAIDEN BIOSCIENCES, INC., § § Plaintiff, § § VS. § DOCUMENT SECURITY SYSTEMS, § INC., et al., § § Defendants. § | Civil Action No. 3:21-CV-0327-D |

MEMORANDUM OPINION
AND ORDER

Defendants DSS, Inc., f/k/a Document Security Systems, Inc. ("DSS"), Decentralized Sharing Systems, Inc. ("Decentralized"), HWH World, Inc. f/k/a Bliss International, Inc. ("HWH"), and RBC Life International, Inc. ("RBC International") (collectively, the "DSS Defendants") move to set aside the partial default judgment as to liability entered against defendant RBC Life Sciences USA, Inc. ("RBC USA"). For the reasons that follow, the court grants the motion.

I

The court assumes the parties' familiarity with its prior memorandum opinions and orders in this case, *see, e.g.*, *Maiden Biosciences, Inc. v. Document Security Systems, Inc.*, 2021 WL 5416603 (N.D. Tex. Nov. 19, 2021) (Fitzwater, J.); *Maiden Biosciences, Inc. v. Document Security Systems, Inc.*, 2021 WL 3492339 (N.D. Tex. Aug. 9, 2021) (Fitzwater, J.), and recounts the facts and procedural history only as necessary to understand this decision.

Maiden filed this lawsuit on February 15, 2021. In its second amended complaint, which is the operative pleading in this case, Maiden brings a single claim for fraudulent transfer under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Tex. Bus. & Com. Code Ann. § 24.001 *et seq.* (West 2021), against the DSS Defendants, RBC Life Sciences, Inc. ("RBC Sciences"), and RBC USA. In support of this claim, Maiden alleges that RBC Sciences and RBC USA fraudulently transferred the assets of RBC Sciences, RBC USA, and RBC Sciences' subsidiaries to DSS's control to avoid, hinder, and delay Maiden and other creditors. Maiden seeks, *inter alia*, "a judgment against Defendants, jointly and severally." 2d Am. Compl. ¶ 100.

On July 1, 2022 Maiden filed a motion for entry of default and default judgment against RBC USA, contending that RBC USA had failed to answer or appear despite having been properly served. Maiden limited the relief it sought, however, clarifying that "[i]n this multi-defendant case, the proper remedy is a partial default judgment as to RBC USA's liability only." Mot. for Entry of Default & Default J. (ECF No. 102) at 7. According to Maiden's motion:

> [i]n a case with "multiple defendants," the "entry of default judgment as to liability is appropriate where liability is joint and several." This rule applies here because liability for fraudulent transfer is joint and several. . . . Other defendants continue to dispute the value of the assets transferred, which could affect the amount of damages for fraudulent transfer. As a result, Maiden will separately move for judgment on damages against RBC USA at the appropriate time.

*Id*. at 7-8 (citations and footnote omitted).

On July 1, 2022 the clerk of court entered the default,[1] and on July 6, 2022 the court granted Maiden's motion and entered an interlocutory partial default judgment ("Partial Default Judgment")[2] that "ordered and adjudged that [Maiden] recover partial default judgment as to liability against [RBC USA]." Default J. (ECF No. 104) at 1. The DSS Defendants move to set aside the Partial Default Judgment on the ground that it conflicts with the position they have taken in this case and should be set aside for good cause to avoid prejudice and the risk of inconsistent judgments. Maiden opposes the motion, which the court is deciding on the briefs.

II

Fed. R. Civ. P. 55(c) provides that a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." "An amendment to Rule 55 in 2015 clarified that only relief from a final default judgment is governed by Rule 60(b). A default judgment that does not dispose of all the claims of all the parties may be revised under Rule 54(b) without satisfying Rule 60(b)." 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2695, at 142 n. 1 (citation omitted).

Because, in their supporting brief, the DSS Defendants accept the more onerous Rule 60(b) burden, *see* Ds. Br. (ECF No. 120) at 8 n.4, the court will decide whether they have

---

[1]This memorandum opinion and order does not vacate the clerk's entry of default but does set aside the partial default judgment.

[2]The Partial Default Judgment is interlocutory because it addresses only one defendant, and only that defendant's liability, and the court did not order the clerk of court to enter it as a final judgment under Fed. R. Civ. P. 54(b).

established a right to relief under that rule. Rule 60(b) allows the court to set aside a final judgment, order, or proceeding for any one of five enumerated reasons or for "any other reason that justifies relief." The decision to grant or deny relief under Rule 60(b) is subject to the court's discretion, and the court's determination is entitled to deference. *Frew v. Janek*, 820 F.3d 715, 719 (5th Cir. 2016).

### III

The DSS Defendants contend that the Partial Default Judgment should be vacated to avoid the risk of prejudice and to avoid potentially inconsistent judgments. Because the DSS Defendants' second argument is dispositive, the court will begin with that argument.

### A

The DSS Defendants contend that the Partial Default Judgment should be vacated to avoid the risk or possibility of inconsistent judgments between the appearing and defaulting defendants. They maintain that they are entitled to defend themselves by refuting the claim that they were involved in the fraudulent transfer of assets, and that if they are successful, an inconsistent judgment will result: on the one hand, there would be a judgment against RBC USA based on the alleged transfers, and, on the other hand, the DSS Defendants would be entitled to a judgment that Maiden take nothing on its fraudulent transfer claim.

Maiden responds that there is no risk of inconsistent judgments because liability with respect to its TUFTA claim is joint and several, meaning that Maiden could sue any combination of the transferors and transferees and obtain a judgment against any one defendant, a combination, or all of them; that joint and several liability also means that a

default judgment against one codefendant is not inconsistent with another codefendant's defeating liability; that the fraudulent transfer statute would have permitted Maiden to sue RBC Sciences alone, RBC USA alone, the DSS Defendants alone, or combinations of these entities; that, in this case, the DSS Defendants pleaded defenses that a transferor like RBC USA could not assert (e.g., that the DSS Defendants were good faith transferees and gave reasonably equivalent value); and that, if the DSS Defendants defeat liability, there would be no inconsistency with the Partial Default Judgment against RBC USA.

B

"Inconsistent default judgments, like inconsistent judgments more generally, are strongly disfavored." *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022). "When a case involves multiple defendants, courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant." *Id.* This rule stems from *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872), "a short but influential decision" in which the Supreme Court "recognized that granting a default judgment against one defendant would raise the possibility that the remaining defendants would show the allegations underlying that judgment were false, a result that the Court dismissed as 'unseemly and absurd.'" *Escalante*, 34 F.4th at 495 (quoting *Frow*, 82 U.S. at 554); *see also Wieck v. Synrg. Royce LLC*, 2018 WL 620048, at *1 (W.D. Tex. Jan. 30, 2018) ("If the court did otherwise, it might enter judgment for the plaintiff against the defaulting defendant, only to later enter judgment *against* the plaintiff on the same claim against the other defendant. To avoid this problem, 'when there are multiple defendants only one of whom is in default,

the Court will withhold even granting default judgment until a decision on the merits has been reached as to the remaining defendants.'" (citation omitted)), *rec. adopted*, 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018).

Based on *Frow*, courts in this circuit have repeatedly held that when there is a potential for joint liability against multiple defendants, the court should withhold entry of a final default judgment to avoid the risk of inconsistent adjudications. *See, e.g.*, *Certain Underwriters at Lloyd's, London v. Stick Built, LLC*, 2021 WL 141240, at *2 (W.D. Tex. Jan. 15, 2021) ("Because Ironshore is seeking a declaratory judgment that Lloyd's has a duty to defend and indemnify Stick Built, a default judgment against Stick Built stating the opposite would prejudice Ironshore and could result in inconsistent judgments issued in this case."), *rec adopted*, 2021 WL 8053499 (W.D. Tex. Feb. 11, 2021); *Calsep, Inc. v. Intelligent Petroleum Software Sols., LLC*, 2020 WL 7249831, at *5 (S.D. Tex. Nov. 18, 2020) (denying motion for default judgment where plaintiff claimed defendants were jointly liable for misappropriation of trade secrets and non-defaulting defendants "continue to defend the claims asserted against them"), *rec adopted*, 2020 WL 7247781 (S.D. Tex. Dec. 8, 2020); *Nat'l Liab. & Fire Ins. Co. v. Young*, 2020 WL 6122546, at *3 (N.D. Tex. Feb. 19, 2020) (Hendrix, J.) (declining to enter default judgment that insurer owed no duty to defend or indemnify insured because "[s]uch a judgment depends on the Court finding that [insured] has admitted, and thus that [insurer] has established" that the vehicle driven by insured was not covered under insurance policy and "[t]he non-defaulting defendants have *denied* the allegation that the vehicle was not a Covered Auto under the policy." (emphasis added));

*Wieck*, 2018 WL 620048, at *2 ("Because there are two other defendants in this case who have answered . . . and because the claims against all of the defendants are seeking joint and several liability, it would be improper to enter a default judgment against [defaulting defendants] now.").

C

Allowing the Partial Default Judgment to stand will create the risk of inconsistent judgments in this case. As the DSS Defendants explain:

> [a] fraudulent transfer claim is analogous to a two-person conspiracy claim between the transferor and the transferee. To prevail on a fraudulent transfer claim, a plaintiff must prove that the transferor fraudulently transferred the assets to the transferee. Here, Maiden has alleged that RBC USA fraudulently transferred its assets to only one transferee: Decentralized. Accordingly, the default judgment holding RBC USA liable for fraudulent transfer necessarily implies that Decentralized was the recipient of fraudulently transferred assets. The DSS Defendants unequivocally deny Maiden's allegations that the assets at issue were fraudulently transferred. If the DSS Defendants are successful and secure a judgment that Maiden take nothing against them, the two judgments will be contradictory and logically inconsistent.

Ds. Reply (ECF No. 127) at 4 (citations omitted). And although Maiden correctly asserts that it *could* have looked only to RBC USA for full satisfaction of a damage award in connection with its TUFTA claim, it has not done so. Because Maiden is bringing its TUFTA claim against the DSS Defendants, and because Maiden presumably seeks to recover damages, at least in part, from the DSS Defendants, the court declines to accept Maiden's argument that there is no risk of inconsistent judgments because liability in this case is joint

and several.

The court concludes that the Partial Default Judgment should be set aside under Rule 60(b) to avoid the risk of inconsistent judgments between RBC USA and the remaining defendants in this case.

\* \* \*

Accordingly, for the reasons explained, the court grants the DSS Defendants' motion to set aside default judgment.

**SO ORDERED**.

November 28, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE