IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAIDEN BIOSCIENCES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:21-CV-0327-D |
| | § | |
| DOCUMENT SECURITY SYSTEMS, INC., et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The January 12, 2023 motion to stay execution of judgment of defendants DSS, Inc. ("DSS"), Decentralized Sharing Systems, Inc., HWH World, Inc. f/k/a Bliss International Inc., and RBC Life International, Inc. (collectively, the "DSS Defendants") is denied.[1]

After considering the factors outlined in *Bollore, S.A. v. Import Warehouse, Inc.*, 2004 WL 1873069, at *1 (N.D. Tex. Aug. 19, 2004) (Kaplan, J.),[2] the court concludes that the DSS

---

[1] The court concludes that this motion can be decided on the briefs and record, without oral argument.

[2] These factors, which are "relevant to deciding whether to waive the requirement of a full supersedeas bond," as required by Fed. R. Civ. P. 62(b), are:

> (1) the complexity of the collection process, (2) the amount of time required to obtain a judgment; (3) the availability of funds to pay the judgment; (4) whether the debtor's ability to pay the judgment is so obvious that to require a bond would be a waste of money; and (5) whether the debtor's financial condition is so precarious that the requirement to post a bond would place other creditors in an insecure position.

Defendants have failed to establish an exception to the "general rule that losing parties in the district court can obtain a stay pending appeal only by giving a supersedeas bond." *Enserch Corp. v. Shand Morahan & Co.*, 918 F.2d 462, 463-64 (5th Cir. 1990) (citation omitted)); *Bollore, S.A.*, 2004 WL 1873069, at *1. Although the DSS Defendants maintain that DSS and its subsidiaries have assets valuing more than $265 million, they fail to distinguish among assets owned by the liable DSS Defendants as opposed to non-liable subsidiaries, and they also fail to address liabilities that may encumber these claimed assets. For example, the DSS Defendants' Form 10-K, submitted as an exhibit to the motion to stay, states that most of DSS's outstanding indebtedness "is secured by assets of various DSS subsidiaries," and it notes that, "[g]iven [DSS's] history of operating losses and [DSS's] cash position, there is a risk that [DSS] may not be able to repay indebtedness when due." ECF No. 218-2 at 20. The first, third, and fourth *Ballore* factors therefore weigh against staying the requirement of a full supersedeas bond.

Because the DSS Defendants have failed to demonstrate "a present financial ability to facilely respond to a money judgment" and "a financially secure plan to maintaining that same degree of solvency during the period of an appeal," they have failed to satisfy their burden to objectively demonstrate a reason for departure from Rule 62(b)'s bond requirement. *See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

---

*Bollore, S.A. v. Imp. Warehouse, Inc.*, 2004 WL 1873069, at *1 (N.D. Tex. Aug. 19, 2004) (Kaplan, J.) (citation omitted).

Moreover, the DSS Defendants do not cite controlling authority for their alternative contentions that they should not be required to post a bond to stay execution of the judgment because they are entitled to judgment as a matter of law or that they should not be required to post bond until the court considers their numerous post-trial motions. Neither is recognized as an exception to Rule 62(b)'s bond requirement, and neither persuades the court to depart from the bond requirement. *See id.*

The DSS Defendants also maintain that they should not be required to post a bond that covers an award of exemplary damages that are themselves improper. Arguments regarding the merits of the jury verdict are best considered in post-judgment motions or on appeal. The court declines to waive or reduce Rule 62(b)'s bond requirement on this basis.

The court also declines to accept the DSS Defendants' contention in their reply that the court should tie the bond amount to Texas requirements, which do not require parties to post bond amounts for exemplary damages. *See* Tex. Civ. Prac. & Rem. Code Ann. § 52.006 (West 2003). Because the calculation of a supersedeas bond is a matter of procedure rather than substantive law, federal procedural law, which controls under the *Erie* doctrine, supports including exemplary damages in the amount of the supersedeas bond. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *Poplar Grove Planting & Ref. Co.*, 600 F.2d at 1191; *E.E.O.C. v. Serv. Temps, Inc.*, 782 F.Supp.2d 288, 289 (N.D. Tex. 2011) (Fitzwater, C.J.).

The DSS Defendants' January 12, 2023 motion to stay execution of the judgment is denied.

**SO ORDERED**.

January 19, 2023.

                                                                                      SIDNEY A. FITZWATER
                                                                                      SENIOR JUDGE